```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION


DARRYL RIGGINS, AIS # 184051,    :

     Plaintiff,                  :

vs.                              :  CIVIL ACTION 08-0651-CB-M

GRANTT CULLIVER, et al.,         :

     Defendants.                 :
```

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding pro se and seeking leave to proceed in forma pauperis, has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that Plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that Plaintiff previously had at least three actions that were dismissed either as frivolous or for failure to state a claim upon which relief can be granted, namely, Riggins v. Hilbert, et al., CA 02-2184 RBP-JEO (N.D. Ala. Feb. 13, 2003); Riggins v. Coody, CA 99-1230 MHT-SRW (M.D. Ala. Nov. 23, 1999); Riggins v. Hightower, et al., CA 99-0952 WHA-CSC (M.D. Ala. Apr. 7, 2000); Riggins v. Hightower, et al., CA 99-0722-WHA-CSC (M.D. Ala. Sept. 13, 1999),[1] aff'd (11th Cir. Sept. 27, 2000).[2]  Thus, Plaintiff comes within the purview of 28 U.S.C. § 1915(g), which precludes him from filing the instant action in forma pauperis unless he is "under imminent danger of serious physical injury."  The Court must therefore review Plaintiff's superseding Amended Complaint (Doc. 5) to determine if he has plead sufficient facts to show that he is under imminent danger of serious physical injury.

In the present action, Plaintiff's Amended Complaint (Doc.

---

[1]The docket sheet in CA 99-0722 does not contain explicit language reflecting a ground for dismissal under § 1915(e)(2)(B). However, when the court for the Middle District dismissed Riggins v. Robinson, et al., CA 04-0948 MEF-CSC (M.D. Ala. Jan. 10, 2005), and Riggins v. McDonnell, et al., CA 04-1030 MEF-VPM (M.D. Ala. Dec. 2, 2004), pursuant to § 1915(g), it noted that their docket reflected that CA 99-0722 qualified as such a dismissal. And it appears to this Court based on the docket sheet in CA 99-0722, which indicates no service on the defendants, that the dismissal was founded on a ground under § 1915(e)(2)(B).

5) reflects that Plaintiff was approached on May 2, 2008, by Defendant Ronald Williams to arrange for the Gangster Disciple Nation ("GDN") to kill inmate James McConico because McConico[3] was a homosexual, and Defendant Williams, in return, would bring Plaintiff anything that he wanted.  (Id. at 8).  Plaintiff, who is a ranking member of the GDN, told Defendant Williams that he would not help, which caused Defendant Williams to announce to the segregation unit that inmate McConico is a "snitching bitch and that it was only a matter of time before he had inmate McConico killed."  (Id. at 8-9).

At some unidentified time Plaintiff gave inmate McConico  a sworn affidavit, the contents of which are not described.  (Id. at 9).  Subsequently, inmate McConico contacted the institutional investigator, Defendant Donnie Nunley, and filed a lawsuit in the Circuit Court of Montgomery County, Alabama, against Richard Allen, Commissioner of the Alabama Department of Corrections. (Id.).

On October 14, 2008, Plaintiff was interviewed by Defendant Nunley who attempted to coerce him not to tell the truth about Defendant Williams' request to have inmate McConico killed by the

---

[3]The Court knows inmate McConico to be a prolific litigator who files actions for himself and others.  See McConico v. Allen, et al., CA 08-0168-CG-C (S.D. Ala. Aug. 27, 2008) (Doc. 19) (reviewing inmate McConico's litigation history).  However, inmate McConico is now subject to 28 U.S.C. § 1915(g)'s requirements. (Id.)

GDN.  Defendant Nunley told Plaintiff that otherwise there was a great chance that neither Plaintiff or inmate McConico would remain alive at Holman because he could not provide for their safety.  (Id. at 9-10).  Then, on October 17, 2008, while Plaintiff was in the segregation shift-office for a pre-trial telephone conference on his action filed in federal court in the Northern District, Defendants David Craft, Watson Bishop, J. Rains, and Ashworth told Plaintiff that he was "going to end up dead like his brother Jerryl S. Riggins who died at J. O. Davis Prison in Atmore Alabama if [he] did not stop writing lawsuits on the officers and writing administrative complaints and if [he] continued to tell the truth for inmate James McConico ... that's what we need to do because that's the best place for him."  (Id. at 10).

On October 17, 2008, Defendant Williams came to Plaintiff's cell door and sprayed Plaintiff in the face with pepper spray stating "bitch you are gone die ... for snitching on me for James McConico[.]"  (Id.).  Defendant Williams said that he read Plaintiff's affidavit and heard Plaintiff's taped "confession."  (Id. at 11).  On October 18, 2008, Defendant Williams came to Plaintiff's cell and announced to "all [Plaintiff's GDN] members we got a sni[tc]h in K-5-A cell one of the leaders of the org[a]nization he suppose to be a real gangster but he has snitched on [him] and the whole organization an[d] all of yall

4

know he got to die and must killed because of his Rank." (Id.). Defendant Williams said this during the entire first shift and that he would handle the police. (Id.). On October 19, 2008, Defendant Williams came by Plaintiff's cell door and sprayed Plaintiff with pepper spray again, telling Plaintiff that he would be killed with McConico. (Id.).

After reviewing the Complaint and out of an abundance of caution, the Court ordered Defendants to respond to the Amended Complaint so the Court could determine if Plaintiff satisfied § 1915(g)'s exception or if his action should be dismissed under § 1915(g). (Doc. 8 at 2). Defendants filed a Special Report (Doc. 18) supported by sworn affidavits indicating that Plaintiff never advised Defendant Culliver of Defendant Williams approaching him to arrange for the GDN to kill McConico and offering him anything he wanted in return (id. at Ex. A), that no incident report documenting a use-of-force incident on October 17, 2008 between Plaintiff and Defendant Williams exists (id.), and that Defendant Nunley did have an interview with Plaintiff, but he denies Plaintiff's other allegations (id. at Ex. H) as do the other Defendants. Defendant Williams also offers that he did not spray Plaintiff and is not qualified to use chemical agents (id. at Ex. G), and Defendant Raines stated that Plaintiff's brother died as a result of heart attack while he was at Atmore Work Release Center. (Id. at Ex. E). The affidavits of Defendants indicate

5

that the telephone conversation in the shift-commander's office did not take place and that no threats were made that Plaintiff would end up like his brother.

Based on Plaintiff's Amended Complaint and Defendants' information, it appears that his action is similar to other actions that Plaintiff has filed.  In Riggins v. Hetzel, et al., CA 08-00048-JEO (N.D. Ala. Feb. 25, 2008), Plaintiff alleged that while at Donaldson Correctional Facility, he was assaulted and threatened several times on January 6, 2008, by officers stating they wanted to kill him, and then one officer threatened to kill the next day, resulting in Plaintiff claiming that he feared for his life.  (Doc. 1 at 3-6).  In the Report and Recommendation, the Magistrate Judge compared the action before him to two other actions where Plaintiff also complained about being assaulted and threatened.  (Doc. 5 at 3).  The recommendation of dismissal, pursuant to 28 U.S.C. § 1915(g), states:

> Although the plaintiff has set forth serious allegations against officers of the Department of Corrections, those allegations only show past excessive force and do not show that he is presently under imminent danger of serious physical injury. (Footnote omitted).  Prisons are inherently unpleasant environments, and harsh, threatening words by prison guards do not, alone, show that the plaintiff is at risk of imminent injury.  This is illustrated by the fact that the plaintiff has made strikingly similar allegations of assaults and threats in at least two prior lawsuits filed in the Federal District Court.  In Riggins v. Culliver, Southern District of Alabama, Case No. 1:05-

> cv-00745-CG-B, the plaintiff contended that
> he was beaten and maced by Officers at the
> Holman Correctional Facility and he sought
> injunctive relief for an alleged lack of
> adequate safety and security which he claimed
> placed him at "substantial risk of serious
> harm."  In that case he alleged, as he does
> here, that his life was threatened by DOC
> officers.  The plaintiff made similar claims
> in this court in the case of Riggins v.
> Campbell, Case No. 2:05-cv-02609-KOB-JEO.
> There, the plaintiff alleged that he had been
> assaulted by officers at the Donaldson
> Correctional Facility and that he faced an
> ongoing threat of serious physical harm due
> to threats from DOC officers.  In each of
> those cases, the court found that the
> plaintiff did not face imminent danger of
> serious physical injury.  It seems clear that
> the plaintiff's pattern of continually
> alleging impending harm belies his effort to
> prove imminent danger in this case.

(Doc. 5 at 3-4).

Plaintiff's present action is not unlike the foregoing actions.  Here, Plaintiff also complains about prior assaults, threats on his life, and being sprayed with pepper spray.[4]  Past harm, however, does not satisfy § 1915(g)'s exception that plaintiff be "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in

---

[4]Threats by an officer do not rise to the level of a constitutional violation.  McFadden v. Lucas, 713 F.3d 143, (5th Cir. 1993) ("Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations" including violent words) (citations and internal quotation marks omitted), cert. denied, 464 U.S. 998 (1983).

7

the past is an insufficient basis to allow him to proceed <u>in forma pauperis</u>"); <u>Adbul-Akabar v. McKelvie</u>, 239 F.3d 307, 315 (3d Cir.) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), <u>cert. denied</u>, 533 U.S. 953 (2001). Furthermore, the danger encountered "must be real, and not merely speculative or hypothetical."  <u>Welch v. Selsky</u>, 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) (unpublished) (finding that plaintiff's claim of a conspiracy by officials to injure or kill him, among other things, did not show that he was under imminent danger of serious of physical injury, noting that he previously raised similar claims in other actions). By focusing on past actions, Plaintiff has neglected to allege specific detailed facts showing that he is "under imminent danger" a danger exists have been omitted and has failed to allege from whom this danger exists.  <u>Hickmon v. Florida Dept. of Corrections</u>, 2007 WL 3023990, at *2 (N.D. Fla. Oct. 16, 2007) (unpublished).

    Furthermore, the Amended Complaint is mute about a concrete serious physical injury.  Whereas, "the plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are in sufficient."  <u>Ball v.</u>

Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished). Accordingly, Plaintiff has failed to show that he is under "imminent danger of serious physical injury" when he filed the present action.

Considering Plaintiff's proclivity for filing lawsuits, particularly those that are without legal merit, his awareness that his actions are subject to § 1915(g),[5] and his presentation of similar claims to different courts, his Amended Complaint indicates that he "is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it serve his ends." Skillern v. Jackson, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (unpublished). Plaintiff's present action is of the nettlesome nature that Congress sought to preclude when it

---

[5] Prior to Plaintiff filing this action on November 5, 2008, he had several actions dismissed pursuant to 28 U.S.C. § 1915(g). See Riggins v. McDonnell, et al., CA 04-0130 MEF-VPM (M.D. Ala. Dec. 2, 2004); Riggins v. McDonnell, et al., CA 04-0946-WHA-CSC (M.D. Ala. Nov. 29, 2004); Riggins v. Robinson, et al., CA 04-0948 MEF-CSC (M.D. Ala. Jan. 10, 2005); Riggins v. McDonnell, et al., CA 04-0945-MEE-CSC (M.D. Ala. Jan. 5, 2005); Riggins v. Campbell, et al., CA 05-2609-KOB-JEO (N.D. Ala. Jan 6, 2006); Riggins v. Culliver, et al., CA 05-0745-CG-B (S.D. Ala. Sept. 6, 2006); Riggins v. Hetzel, et al., CA 08-0048-JEO (N.D. Ala. Feb.25, 2008); and Riggins v. Allen, et al., CA 08-0014-RDD-JEO (N.D. Ala. April 4, 2008). Furthermore, Plaintiff's other pending action in this Court, Riggins v. Allen, et al., CA 08-0157-BH-B, is being recommended for dismissal pursuant to § 1915(g). Thus, Plaintiff was abundantly aware when he filed this action without the $350.00 filing fee, this action would be scrutinized under § 1915(g).

enacted 28 U.S.C. § 1915(g).  See Adbul-Akabar, 239 F.3d at 315 ("Congress has deliberately decided to legislate on this subject by proclaiming, as public policy, a determination to reduce prisoner litigation in the federal courts. . . . The ability to proceed I.F.P. is not a constitutional right.  Congress granted the right to proceed I.F.P. in 1892, and it has the power to limit this statutorily created right." (citations and internal quotations omitted)).  Thus, the Court concludes that Plaintiff's action is precluded by § 1915(g) because he fails to satisfy the exception and, as a consequence, he should be denied in forma pauperis status in this action.

Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set

out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 11th day of January, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

---

[6]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).